

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 13, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-256

Re: Applicability of 20% tax
under Article 7047f, R.C.S.
To Chamber of Commerce gift
project.

You submit to us the following facts

"For some time the Eastland Chamber of Commerce has sponsored the giving away of money prizes on the down town streets of Eastland on Saturday afternoons. A number of merchants contribute to a weekly fund of $50 and are then furnished books of tickets with numbers thereon, each ticket having a stub showing the number of the original ticket. Upon the purchase of goods during the week the merchant gives the purchaser tickets according to the amount of the purchase and retains the stubs. These stubs are then collected by the manager of the Chamber of Commerce and placed in a wheel and each Saturday afternoon there is a public drawing, stubs being drawn out of the wheel and the persons holding numbers corresponding with those drawn being given the money. These awards or prizes amount to $10 each, the total amount to be given away at one time being, as already stated, $50. If there is no one present holding the ticket for the first number called then that $10 prize is passed over, subject to another drawing next week. If no one holds the number corresponding to any other stub drawn, then the drawing is proceeded with until a holder responds. This drawing is conducted by the manager of the Chamber of Commerce."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You ask our opinion whether under the above facts the 20% tax provided in Article 7047f, Revised Civil Statutes, is due on such transactions.

Article 7047f (a) and part of (b) reads as follows:

"Every person, firm, or corporation conducting a theatre, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theatre, place of amusement, or business enterprise, and not given to all patrons thereof paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month."

"There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time of making the report to the Comptroller of Public Accounts the owner or operator of any such business shall pay to the State Treasurer such tax upon the total amount of money, prizes, and awards so given during the next preceding month . . ."

It will be noted that for the tax to be due the prize must be given in connection with the operation of a theatre, place of amusement or business enterprise. Manifestly, the act of giving away the prize cannot constitute its own place of amusement or business enterprise. Hence, it is clear enough that the Chamber of Commerce, being neither the owner nor operator of a place of business, is not liable for the tax. The merchants offer a different problem. The giving away of the tickets does not answer the requirement that the prize itself be given away in connection with the operation of the business enterprise. The merchants pooled their money to provide a gift fund, and in one view of the situation the prizes were given away in connection with the operation of their businesses. However, we do not believe such to be true in the sense contemplated by the statute.

We believe that Article 7047f was intended to levy a heavy tax upon the giving of a prize as the crowning

achievement of an advertising scheme intended to multiply the customers of the particular place conducting the campaign. That it was not intended to apply to every instance of the award of a gift or prize is quite clearly shown by two provisions: (1) only when given away in connection with the operation of a theatre, place of amusement or business enterprise is the tax due, and (2) only an operator is liable for the tax.

When a merchant simply delivers the money to a third party to be used not to bring the people into the donor's particular place of business, but to simply get them to come to town where they are as likely to go into one place of business as another, this is not giving the prize away in connection with the operation of his store any more than in connection with the operation of every place of business in town, whether contributing to the fund or not.

From the opinion of Judge Smith in State v. San Patricio Canning Co., 17 S. W. (2) 160, we quote as follows:

"The rule is that the courts may not extend or give special significance or an unnecessary or peculiar or strained construction of such plain terms as those employed in order to subject a particular commodity to a tax imposed by the government. The rule is, rather, that in the interpretation of statutes imposing taxes their provisions will not be extended by implication beyond the plain import of the language used, nor will their operation be enlarged to apply to subjects not specifically included therein, and 'in case of doubt they are construed most strongly against the government, and in favor of the citizen.' 25 R. C. L. pp. 1092, 1093; 35 Cyc. p. 1189; 26 Am. & Eng. Encyc. Law (2d Ed.) 669; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Underwood v. School Dist. (Tex. Civ. App.) 149 S.W. 773."

In this connection also we cite the case of Yellow Cab Co. v. Pengilly, 11 S. W. (2) 560, involving the construction of a tax statute, and wherein Judge Conner refers to "the familiar rule that tax laws are to be construed strictly."

Our opinion is that there is no liability on the part of the merchants.

Whether or not the facts set forth above disclose a lottery is immaterial to this inquiry and need not be here determined.

Yours very truly

ATTORNEY GEN'RAL OF TEXAS

By (Signed)
Glenn R. Lewis
Assistant

GRL:N

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS